UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRENDA BARRETT**

        **Plaintiff,**        CIVIL ACTION NO. 04-CV-74556-DT

    vs.        DISTRICT JUDGE ANNA DIGGS TAYLOR

**NEXTEL COMMUNICATIONS,**    MAGISTRATE JUDGE MONA K. MAJZOUB
**INC., ET AL.,**

        **Defendants.**
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF JANICE MCCRARY

Plaintiff filed this employment discrimination action against Defendants on November 19, 2004. Plaintiff alleges that she has suffered substantial emotional and psychiatric injuries as a result of Defendants' discriminatory conduct. Defendants' Motion to Compel Deposition of Janice McCrary seeks an order commanding Plaintiff's therapist to appear for the deposition noticed for January 10, 2005, and a determination of the relevant statute for the calculation of her deposition fee. The parties agree that Ms. McCrary may be deposed because she has information relevant to this case, but disagree about the duration, location, and fees for her deposition.

The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exchange, Inc. v. Veliz*, 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005)(holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery – only that there be reasonable notice.").

Ms. McCrary refuses to appear for a deposition unless Defendants (1) agree to pay $300 an hour for her time, including three hours spent preparing for depostion; (2) agree to conduct the deposition at her office; and (3) agree to conclude the deposition within one hour. For their part,

Defendants claim they are entitled to take the deposition at a place of their convenience anywhere within 100 miles of Ms. McCrary's office, for up to seven hours, and need only pay $40 plus the statutory mileage rate for the privilege.

I.   Compensation

In support of Ms. McCrary's position that she is entitled to be compensated for her time at a rate comparable to what she bills her professional clients,[1] Plaintiff relies on Fed. R. Civ. P. 26(b)(4)(C), which provides "experts" must be paid a "reasonable fee" for time spent responding to discovery requests. *See Fisher v. Ford Motor Co.,* 178 F.R.D. 195, 197 (N.D.Ohio, 1998). Defendants maintain that Ms. Barrett and Plaintiff's other treating health care providers are not "experts" for the purposes of the Federal Rules, but, rather, are "fact witnesses" and are therefore entitled to only $40 plus mileage under Fed. R. Civ. P. 30(a), Fed. R.Civ. P. 45(b)(1), and 28 U.S.C. § 1821. The Advisory Committee Notes to Fed.R.Civ.P. 26(b)(4)(C) point out that a witness with professional expertise who "was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit ... should be treated as an ordinary witness."

Generally, "[t]he compensation of treating physicians is controlled by Fed.R.Civ.P. 30(a), Fed.R.Civ.P. 45(b)(1), and 28 U.S.C. § 1821. These provisions, when read together, provide that deponents are permitted only a $40 per diem fee for attendance, plus mileage expenses. " *Fisher v. Ford Motor Co.,* 178 F.R.D. 195, 197 (N.D.Ohio,1998). "Treating physicians are not expert witnesses merely by virtue of their expertise in their respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may

---

[1] The parties do not appear to dispute that Ms. McCrary typically charges professional clients $150 an hour for her time.

they be deemed experts. *Id.*

Plaintiff notes that she has not retained Ms. McCrary and she is therefore not a "retained" expert under Fed. R. Civ. P. 26(a).[2] Plaintiff argues that Ms. McCrary should be considered an expert witness based upon Plaintiff's Response to Defendant's Interrogatory No. 6, which asked Plaintiff to identify all of its **expert witnesses**:

> . . . In addition to retained experts, Plaintiff likely will call Plaintiff's treating health care providers, including Dr. David Steinberger, Dr. Edward Roberts, Janice McCrary, Dr. Anothery Emmer, and any other physician, psychotherapists, therapists, or other healthcare provider that has treated Plaintiff for injuries or damages related to this case. Such individuals are experts based upon their background and experience and shall be qualified as such for purposes of trial.

Plaintiff also argues that Ms. McCrary's "narrative report" of May 13, 2005 is an expert report. While Ms. McCrary's report is relatively brief, Plaintiff has held her out as an expert witness. Finally, Plaintiff asserts that Ms. McCrary will qualify as an expert under Federal Rule of Evidence 702. The Court is in no position to conclude that Ms. McCrary is anything other than an expert witness based upon Plaintiff's Answers to Defendants' Interrogatories and the fact that Plaintiff obtained and produced Ms. McCrary's report to Defendants.

Fed. R. Civ. P. 26 (b)(4) provides that: "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision."

The Federal Rules require that Ms. McCrary be treated as an expert witness and be paid a

---

[2] *See* Exhibit E to Defendant's Motion to Compel, a letter from Plaintiff's counsel's dated August 24, 2005.

reasonable professional fee for her time spent responding to discovery. If Ms. McCrary proves to be merely a fact witness at her deposition, Defendant's recourse is against Plaintiff and Plaintiff's counsel, and not against Ms. McCrary.

An expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition. *See Mathis v. NYNEX*, 165 F.R.D. 23 (E.D.N.Y. 1996). Ms. McCrary's normal hourly fee is $150. The Court finds that a "reasonable fee" for Ms. McCrary is $150 per hour for the duration of her deposition plus one hour to prepare for deposition.

## II.     Location and Duration

Plaintiff argues that it would be more practical and convenient to take the deposition of Ms. McCrary at the deponent's office, and that the deposition realistically should not take more than an hour. Defendants, on the other hand, rely on specific provisions of the Rules Civil Procedure allowing them to depose Ms. McCrary for up to seven hours anywhere within 100 miles of Ms. McCrary's office. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 45. Rule 45 does permit Defendants to depose Ms. McCrary anywhere within 100 miles of her office. Defendants' attorneys' office is within 100 miles of Ms. McCrary's office, and Defendants could choose to take her deposition there. However, it would clearly show greater consideration of Ms. McCrary's professional time if defense counsel arranged to take Ms. McCrary's deposition at her place of employment, at a time and date mutually convenient to the witnesses, the parties, and their attorneys. Defense counsel is urged to exercise an appropriate degree of professional courtesy in this matter.

Upon further review of the record, the Court concludes that a competent defense attorney not seeking to unduly prolong or obstruct this deposition could properly depose this witness in two hours. The Court therefore grants the parties three hours to depose Ms. McCrary.

Defendants' Motion to Compel is **GRANTED**.  Ms. McCrary's deposition will proceed within fifteen days of the date of this order, at a time and location agreed upon by the parties in accordance with Fed. R. Civ. P. 45.  Ms. McCrary will be compensated by defendant in a manner consistent with the discussion above.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: February 16, 2006        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: February 16, 2006        s/ Lisa C. Bartlett
                                Courtroom Deputy