UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BARRETT

           Plaintiff,          CIVIL ACTION NO. 04-CV-74556-DT

    vs.                  DISTRICT JUDGE ANNA DIGGS TAYLOR

NEXTEL COMMUNICATIONS,      MAGISTRATE JUDGE MONA K. MAJZOUB
INC., ET AL.,

           Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO
COMPEL THE MENTAL EXAM OF PLAINTIFF PURSUANT TO FED. R. CIV. P.
35(a) AND TO EXTEND THE DEADLINE FOR DEFENDANTS TO PRODUCE
THEIR EXPERT PSYCHIATRIC REPORT**

      Plaintiff filed this employment discrimination action against Defendants on November 19,

2004. Plaintiff alleges that she has suffered substantial emotional and psychiatric injuries as a result

of Defendants' discriminatory conduct. Defendants filed their Emergency Motion To Compel the

Mental Exam of Plaintiff Pursuant to Fed. R. Civ. P. 35(a) and to Extend the Deadline for

Defendants to Produce Their Expert Psychiatric Report on January 9, 2006. Plaintiff filed a

response to Defendants' Motion on January 19, 2005, Defendants filed a Reply on January 30, 2006.

      The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re*

*Texas Bumper Exchange, Inc. v. Veliz,* 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005) (holding that

Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for

an order compelling discovery – only that there be reasonable notice.").

      Plaintiff's complaint alleges that she has suffered depression, anxiety, and substantial mental

anguish as a result of Defendants' discriminatory acts. Plaintiff's has therefore placed her mental

condition in issue. On January 4, 2006 Defendants' counsel telephoned Plaintiff's counsel to request

that Plaintiff submit to a medical exam by Defendants' medical experts. Plaintiff's counsel asserted in a January 5, 2005 letter that Plaintiff should not have to submit to a medical exam because Defendants' request was untimely and Defendants had not shown "good cause" for a mental exam in this case. On January 6, 2006 Defendants noticed a mental examination for January 10, 2006 at 9:00 am by a psychiatrist and psychologist.

Fed. R. Civ. P. 35(a) provides that:

> [w]hen the mental or physical condition of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Plaintiff advances three arguments for why the Court should not order the examination. First, Plaintiff argues that Defendants do not need to conduct a mental examination in this case because they previously conducted a mental exam of Plaintiff in connection with a related workers' compensation action. Second, Plaintiff argues that Defendants' Motion should be denied because their request for a mental examination was untimely. Third, Plaintiff argues that Defendants' request for examination by more than one individual is beyond the scope of Fed. R. Civ. P. 35.

**A.     Defendants Have Shown Good Cause for a Mental Examination**

On January 15, 2004, ten months before the instant lawsuit was filed, Dr. Michael J. Freedman performed a mental examination of Plaintiff on Defendants' behalf in connection with a workers' compensation action. Dr. Freedman conducted the examination without the benefit of access to Plaintiff's medical record. In his written report, Dr. Freedman suggested that further psychological testing would help provide a more complete assessment of Plaintiff's mental

condition.  Defendants aver that they plan to request that Plaintiff submit to a second examination by Dr. Freedman and then offer him as an expert at trial, but that he is now unavailable as an expert for personal reasons.

Plaintiff argues that Defendants cannot show good cause for an additional mental examination in light of the fact that Defendants conducted a mental exam in another case.  Defendants argue that the prior mental examination occurred ten months before this case was filed, and was not so broad in scope as to render re-examination unnecessary.  In particular, Defendants point out that Dr. Freedman's report in the prior case indicated (1) that an examination conducted by an expert with prior access to Plaintiff's medical records would have been more complete and (2) that psychological testing would help clarify some of the relevant details of Plaintiff's mental state.

Under these circumstances, the Court agrees that Defendant has demonstrated good cause for the mental examination requested.  The substantive claims at issue in the workers' compensation case differ from those in this case.  Because the earlier exam was conducted before the instant employment discrimination case was filed, Defendants have not yet had a fair opportunity to conduct a mental examination of Plaintiff pertinent to the issues in this litigation.  Defendants have demonstrated a substantial need for information that would likely result from such an examination.

**B.    Defendants' Request for a Mental Examination Was Not Untimely**

Defendants originally noticed the mental exam for January 10, 2006.  The parties appear to agree that the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(C) was on January 18, 2006.  Plaintiff argues, without support, that Defendants' request for a mental exam is untimely because it would occur only a week before expert disclosures were due.  Defendants claim that they

would have been able to submit a timely expert report from the mental exam if Plaintiff had not refused to be examined.  Nothing in the Federal Rules of Civil Procedure requires mental examination to be noticed more than ten days before Fed. R. Civ. P. 26(a)(2)(C) disclosure deadline. Defendants' original notice of mental examination was therefore not untimely.

**C.    Defendants May Notice a Mental Examination by Multiple Examiners**

Fed. R. Civ. P. 35 provides that the notice to appear for a mental examination **"shall specify the time, place, manner, conditions, and scope of the examination and the person *or persons* by whom it is to be made."**  (emphasis added).  The Rule clearly allows a party to notice a mental examination by more than one mental health professional.

Defendants' Motion to Compel Mental Examination is therefore **GRANTED**.

Plaintiff will submit to a mental examination within fourteen days of the date of this order at a time and place to be agreed upon by the parties.  Defendant will be permitted to file amended reports for the examining experts within ten days of the date of the mental examination.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 01, 2006                           s/ Mona K. Majzoub_____
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

<u>**Proof of Service**</u>

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 01, 2006                           s/ Lisa C. Bartlett_____
                                                Courtroom Deputy

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BARRETT

               Plaintiff,               CIVIL ACTION NO. 04-CV-74556-DT

        vs.                       DISTRICT JUDGE ANNA DIGGS TAYLOR

NEXTEL COMMUNICATIONS,      MAGISTRATE JUDGE MONA K. MAJZOUB
INC., ET AL.,

               Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO
COMPEL THE MENTAL EXAM OF PLAINTIFF PURSUANT TO FED. R. CIV. P.
35(a) AND TO EXTEND THE DEADLINE FOR DEFENDANTS TO PRODUCE
THEIR EXPERT PSYCHIATRIC REPORT**

       Plaintiff filed this employment discrimination action against Defendants on November 19, 2004.  Plaintiff alleges that she has suffered substantial emotional and psychiatric injuries as a result of Defendants' discriminatory conduct.  Defendants filed their Emergency Motion To Compel the Mental Exam of Plaintiff Pursuant to Fed. R. Civ. P. 35(a) and to Extend the Deadline for Defendants to Produce Their Expert Psychiatric Report on January 9, 2006.  Plaintiff filed a response to Defendants' Motion on January 19, 2005, Defendants filed a Reply on January 30, 2006.

       The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exchange, Inc. v. Veliz,* 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005) (holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery – only that there be reasonable notice.").

       Plaintiff's complaint alleges that she has suffered depression, anxiety, and substantial mental anguish as a result of Defendants' discriminatory acts.  Plaintiff's has therefore placed her mental condition in issue.  On January 4, 2006 Defendants' counsel telephoned Plaintiff's counsel to request

that Plaintiff submit to a medical exam by Defendants' medical experts. Plaintiff's counsel asserted in a January 5, 2005 letter that Plaintiff should not have to submit to a medical exam because Defendants' request was untimely and Defendants had not shown "good cause" for a mental exam in this case. On January 6, 2006 Defendants noticed a mental examination for January 10, 2006 at 9:00 am by a psychiatrist and psychologist.

Fed. R. Civ. P. 35(a) provides that:

> [w]hen the mental or physical condition of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Plaintiff advances three arguments for why the Court should not order the examination. First, Plaintiff argues that Defendants do not need to conduct a mental examination in this case because they previously conducted a mental exam of Plaintiff in connection with a related workers' compensation action. Second, Plaintiff argues that Defendants' Motion should be denied because their request for a mental examination was untimely. Third, Plaintiff argues that Defendants' request for examination by more than one individual is beyond the scope of Fed. R. Civ. P. 35.

**A.    Defendants Have Shown Good Cause for a Mental Examination**

On January 15, 2004, ten months before the instant lawsuit was filed, Dr. Michael J. Freedman performed a mental examination of Plaintiff on Defendants' behalf in connection with a workers' compensation action. Dr. Freedman conducted the examination without the benefit of access to Plaintiff's medical record. In his written report, Dr. Freedman suggested that further psychological testing would help provide a more complete assessment of Plaintiff's mental

-2-

condition.  Defendants aver that they plan to request that Plaintiff submit to a second examination by Dr. Freedman and then offer him as an expert at trial, but that he is now unavailable as an expert for personal reasons.

Plaintiff argues that Defendants cannot show good cause for an additional mental examination in light of the fact that Defendants conducted a mental exam in another case. Defendants argue that the prior mental examination occurred ten months before this case was filed, and was not so broad in scope as to render re-examination unnecessary.  In particular, Defendants point out that Dr. Freedman's report in the prior case indicated (1) that an examination conducted by an expert with prior access to Plaintiff's medical records would have been more complete and (2) that psychological testing would help clarify some of the relevant details of Plaintiff's mental state.

Under these circumstances, the Court agrees that Defendant has demonstrated good cause for the mental examination requested.  The substantive claims at issue in the workers' compensation case differ from those in this case.  Because the earlier exam was conducted before the instant employment discrimination case was filed, Defendants have not yet had a fair opportunity to conduct a mental examination of Plaintiff pertinent to the issues in this litigation.  Defendants have demonstrated a substantial need for information that would likely result from such an examination.

**B.    Defendants' Request for a Mental Examination Was Not Untimely**

Defendants originally noticed the mental exam for January 10, 2006.  The parties appear to agree that the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(C) was on January 18, 2006.  Plaintiff argues, without support, that Defendants' request for a mental exam is untimely because it would occur only a week before expert disclosures were due.  Defendants claim that they

-3-

would have been able to submit a timely expert report from the mental exam if Plaintiff had not refused to be examined.  Nothing in the Federal Rules of Civil Procedure requires mental examination to be noticed more than ten days before Fed. R. Civ. P. 26(a)(2)(C) disclosure deadline. Defendants' original notice of mental examination was therefore not untimely.

**C.    Defendants May Notice a Mental Examination by Multiple Examiners**

Fed. R. Civ. P. 35 provides that the notice to appear for a mental examination **"shall specify the time, place, manner, conditions, and scope of the examination and the person *or persons* by whom it is to be made."**  (emphasis added).  The Rule clearly allows a party to notice a mental examination by more than one mental health professional.

Defendants' Motion to Compel Mental Examination is therefore **GRANTED**.

Plaintiff will submit to a mental examination within fourteen days of the date of this order at a time and place to be agreed upon by the parties.  Defendant will be permitted to file amended reports for the examining experts within ten days of the date of the mental examination.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 01, 2006                              s/ Mona K. Majzoub_____
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

<u>**Proof of Service**</u>

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 01, 2006                              s/ Lisa C. Bartlett_____
                                                   Courtroom Deputy